CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 2 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| BOBBY LAYNE COMPTON, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00241 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **& ORDER** |
| ) | |
| NEW RIVER VALLEY REGIONAL ) | |
| JAIL, et al., ) | By: Hon. Michael F. Urbanski |
| Defendants. ) | United States Magistrate Judge |

This matter is before the court upon Bobby Layne Compton's motion, which the court will construe as motion for preliminary injunctive relief. Compton requests that the court order prison officials transfer him to another facility and/or provide him with unfettered use of a breathing machine to treat his sleep apnea until the completion of his criminal case. In support of this motion, Compton alleges since filing the instant action he has been treated unfairly and has been transferred to a pod which is so overcrowded that he is forced to sleep on a mattress on the floor. Compton also alleges that he has sleep apnea which necessitates unfettered access to a breathing machine; however, he is only permitted to have a breathing machine between 10:00 p.m and 5:30 a.m. Thereafter, the machine is removed from his cell. Accordingly, he claims that he is at risk of serious harm if he falls asleep at any other time.

A district court should award preliminary injunctive relief sparingly and only when the party seeking relief has demonstrated actual, imminent, irreparable harm. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). Compton has not established that he is at risk of imminent harm due to

sleeping on a mattress on the floor. However, in light of Compton's apparent need for a respiratory aid and the institution's decision to limit his access to those aids to only seven or eight hours each night, the court finds this may be sufficient to establish that he is at risk of actual and imminent harm.

Accordingly, defendants are hereby **DIRECTED** to file a response as to plaintiff's motion for preliminary injunctive relief within five (5) days of the entry of this Order. That response should detail plaintiff's medical condition, his need for respiratory assistance, what treatment he is receiving related to this condition, and how his condition is monitored when the breathing machine is and is not available to the plaintiff.

The Clerk of the Court is directed to send a certified copy of this Order to plaintiff and to counsel of record for the defendants.

ENTER: This 9th of June, 2006.

United States Magistrate Judge