IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BOBBY LAYNE COMPTON,<br>    Plaintiff, | Civil Action No. 7:06cv00241 |
| v. | **MEMORANDUM OPINION**<br>**& ORDER** |
| NEW RIVER VALLEY REGIONAL<br>JAIL, et al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Bobby Lane Compton brings this action pursuant to 42 U.S.C. § 1983 against various correctional and medical employees at the New River Valley Regional Jail. Compton alleges defendants have been deliberately indifferent to his serious medical need because they have denied him unfettered access to a breathing machine to treat his sleep apnea. The case is before the court on Compton's motion for a preliminary injunction ordering the defendants to transfer him to another facility and/or provide him with unlimited use of a breathing machine until the completion of his criminal case and/or his transfer to a state facility.

By order entered June 12, 2006, the court ordered the defendants to file a response, and the defendants filed an affidavit from Nurse Joyce Giampacaro. Giampcaro avers that officials allow Compton at least eight hours of sleep with a breathing machine each night in the institutional medical center based on his self-reported history of sleep apnea, that Compton has not sought evaluation by jail medical staff for his sleep apnea, that use of the breathing machine while in the general population would be impracticable, that medical staff have evaluated Compton's oxygen saturation and found it to be 97 percent, and that, on the single occasion when Compton sought assistance from medical staff, for swelling in his feet, medical staff advised him

to avoid sleeping during the day.

A district court should award preliminary injunctive relief sparingly and only when the party seeking relief has demonstrated actual, imminent, irreparable harm, as well as a likelihood of success on the merits. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). Further, in order to demonstrate deliberate indifference to a serious medical need, Compton must show that the defendants knew of and disregarded an objectively serious medical need or risk of harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A disagreement between an inmate and medical personnel over diagnosis or course of treatment is not a cognizable constitutional claim under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. The court finds it unlikely that Compton will succeed on the merits of his deliberate indifference claim and, therefore, denies his motion for a preliminary injunction.

Compton has shared his sleep apnea history with medical staff, and they have responded by allowing him to sleep in the medical unit each night with his breathing machine for at least eight hours. Also, members of the medical staff have advised Compton to avoid sleeping during the day. Compton's assertion that he is entitled to unlimited or further access to the breaching machine amounts to nothing more than a disagreement with medical staff regarding course of treatment, which is not actionable. Moreover, Compton has not asked the medical staff to assess the presence or degree of his sleep apnea, rendering it all the more unlikely that Compton can demonstrate that the medical staff were aware of his medical issue but failed to respond with a

2

properly tailored course of treatment.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Compton's motion for a preliminary injunction is **DENIED**.

**ENTER**: This 27TH of June, 2006.

United States District Judge

3