CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 10 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BOBBY LAYNE COMPTON,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:06cv00241** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **NEW RIVER VALLEY REGIONAL** | ) | |
| **JAIL, et al.,** | ) | |
| **Defendants.** | ) | **By: Samuel G. Wilson** |
| | ) | **United States District Judge** |

Plaintiff Bobby Layne Compton, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that the defendants have failed to provide him with adequate medical care because they have denied him unfettered access to a breathing machine to combat his sleep apnea and have not provided him with adequate access to legal materials. Compton seeks $ 25,000.00 in damages and a transfer to a medical facility. This matter is now before the court on defendants' motion to dismiss. The court finds that Compton's complaint fails to state a claim upon which relief can be granted; and, therefore, grants the defendants' motion and dismisses Compton's action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Compton alleges that the defendants have been deliberately indifferent to his serious medical need because they have denied him unfettered access to a breathing machine to treat his sleep apnea. Additionally, he complains he should be monitored at all times by a qualified "sleep apnea" health care professional and the institutional breathing equipment should be tested to

1

ensure his continued good health.

Although Compton complains generally that his physical health has "worsened every day," despite being specifically directed to amend his complaint to particularize how his condition has deteriorated, in his amended complaint he failed to allege any facts detailing how his physical condition has degenerated or which suggest that he has suffered any actual ill effects related to his alleged condition since his incarceration. Additionally, Compton concedes that after discussing his medical history and diagnosed sleep apnea with an institutional nurse, Joyce Giampacaro, he was referred to the institutional physician, Dr. Moses. Dr. Moses examined Compton and determined that he did not need constant medical monitoring and/or access to a breathing machine, but instead only needed a breathing machine while sleeping. Accordingly, Compton is transferred nightly to the institutional medical facility and is afforded approximately eight hours of monitored sleep with a breathing machine and, like all prisoners, is closely monitored by correctional officers while in general population.

Compton also complains that the jail is overcrowded and, thus, is unhealthy and unsafe. However, he does not allege that he has suffered any actual harm due to the overcrowding.

Finally, Compton alleges that he was denied access to the courts because the defendants failed to provide him with sufficient legal information or access to a law library. However, Compton concedes that he only requested information from the law library to "defend himself" and to ensure that he had a "full and fair hearing" at a pending criminal and/or parole revocation hearing even though he was concurrently represented by counsel on those charges.

2

## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Additionally, an inmate is not entitled to unqualified access to health care, rather the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977).

Compton concedes that in response to his claims and information indicating that he suffers from sleep apnea, he was examined by Dr. Moses, Dr. Moses determined that he did not a referral to a specialist nor did he need constant monitoring and/or unlimited access to a breathing machine, but instead only needed a breathing machine when asleep. He also admits that he is now allowed to sleep in the medical unit each night with a breathing machine for approximately eight hours. Accordingly, the court finds that though Compton may desire additional testing or treatment by a specialist or may prefer unlimited access to the breaching machine and/or constant medical monitoring, this amounts to nothing more than a disagreement with medical staff

3

regarding diagnosis and proper course of treatment, which is not actionable.

## III.

Likewise, Compton has failed to state a claim of constitutional magnitude related to the alleged overcrowding. To state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Mere allegations of crowding or double celling of prisoners absent any suggestion of deleterious effects and when other prison living conditions are constitutionally adequate, fail to state a claim under the Eighth Amendment. See Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981). Compton does not allege any facts which suggest that the that he has suffered any ill effects as a result of the alleged overcrowding nor that the living conditions are otherwise inadequate, and therefore, fails to state a cognizable constitutional claim.

## IV.

Finally, Compton has failed to allege any facts which suggest that the defendants' failure to provide him access to the law library violated his First Amendment right to access to the courts. Reasonable access by prisoners to both state and federal courts is a guaranteed right. Ex parte Hull, 312 U.S. 456 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). However, access to the courts does not require an inmate to have access to a law library when he is

4

represented by counsel. <u>Williams v. Halifax County Jail</u>, 914 F.2d 250 (4th Cir. 1990). Compton requested information from the law library so that he may "defend himself" at his criminal hearing and/or parole revocation hearing, but concedes that at the time of his requests for information from the law library he was represented by counsel on the charges for which he was incarcerated. Accordingly, although Compton may not have believed counsel would provide him with the information he wanted or that counsel was not appointed to represent him on the charges on which he was then seeking information, the court finds that he wanted this information to pursue a criminal defense in a matter in which he was already represented by counsel. Therefore, the court cannot find that he had any right to access to the law library.

Furthermore, plaintiff's filing of the current suit, numerous amendments to his complaint, and multiple letters to the court suggest that prison officials have not hindered his ability to correspond with the courts, thus, the defendants' alleged actions are insufficient to constitute a First Amendment violation. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343 (1996)(finding that to state a claim under the First Amendment, in addition to showing some interference with this right or some deficiency in the legal resources available to him, an inmate must produce evidence of actual injury or specific harm related to litigation involving a challenge to the conditions of his confinement or the fact of his confinement). As such, Compton has failed to demonstrate any actual injury or specific harm and, therefore, fails to state a claim under the First Amendment.

**V.**

For the stated reasons, Compton's complaint will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

5

**ENTER**: This ___10th___ day of August, 2006.

_____
United States District Judge

6